[No. 19687.   Department Two.   August 20, 1926.]

## W. E. DOOLEY & COMPANY, *Appellant*, v. SEATTLE ELECTRICAL SUPPLY Co., *Defendant*, M. V. UNDERWOOD, *Respondent*.[1]

[1] CORPORATIONS (227)—INSOLVENCY — CLAIMS — EVIDENCE—SUFFICIENCY. Findings of the validity of the president's claim against the receiver of a corporation are sustained where the claimant testified directly as to money loaned to the corporation and there was no testimony in resistance thereof.

[2] SAME (227) — INSOLVENCY — CLAIMS OF OFFICERS — DEFENSES — ESTOPPEL. The president of an insolvent corporation is not estopped from asserting his claim to the receiver for money advanced to the company by the fact that he made a statement of the financial condition of the company and of himself to a bank and to a credit association, which came into the possession of a creditor, where he made no statement to such creditor at the time its debt was created, and the statement was not made for the purpose of gaining credit.

[3] SAME (146)—CORPORATE POWERS—PURCHASING CORPORATION'S OWN STOCK—UNPAID SUBSCRIPTIONS. The president of a corporation is not liable to creditors for allowing stockholders to surrender their stock and take back their subscription notes, where he testified that the notes were not collectible and he in good faith thought that it would be better for the company to take back the stock.

[4] SAME (40)—STOCK SUBSCRIPTIONS—RELEASE OR DISCHARGE—SURRENDER OF STOCK. It is no defense to a receiver's action on unpaid stock subscriptions that the stock was cancelled and taken back through the wrongful act of the president.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 28, 1925, upon findings in favor of the defendant in an action to de-

[1]Reported in 248 Pac. 373.

termine priorities to the assets of an insolvent corporation, tried to the court.   Affirmed.

*Van Dyke & Thomas,* for appellant.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,* for respondent.

MAIN, J.—This is a controversy between claimants to the assets of the Seattle Electrical Supply Company, a corporation, for which a receiver had been appointed. The appellant, W. E. Dooley & Company, a corporation, seeks priority for itself and other claimants over the claim of M. V. Underwood which had been assigned to Ella Underwood.  This latter claim will be referred to as though M. V. Underwood was the claimant and respondent.  The trial in the superior court resulted in an order fixing all the claims as general and denied the priority contended for.   It is from this order that W. E. Dooley & Company appeal.

[1]  It is first contended that the evidence fails to establish the claim of the respondent.   The appellant introduced no evidence in resistance thereof, and the testimony in its support was given by the respondent. The trial court found that the claim was just and valid against the receiver and was for money loaned to the Seattle Electrical Supply Company.   With this finding we are in accord, after an examination of the evidence.   The respondent testified directly that he advanced the money in the amount claimed, and the record furnishes no reason for disbelieving him.

[2]  The next contention is that the respondent should be estopped from asserting his claim because, as president and manager of the company, he had made a statement, when borrowing money from the bank, which covered not only the financial affairs of the corporation but his own financial status as well.   The dual statement was required by the bank because the re-

spondent was to endorse the note evidencing the loan. A similar statement was given to Dun & Company, to be furnished to a creditor in a distant state who is not involved in this proceeding. A copy of one of these statements came into the possession of the appellant through the Northwest Credit Association. The respondent made no statement of the corporation's financial condition to the appellant at the time the indebtedness upon which the claim is based was created. The fact that the appellant got possession of a copy of the statement from an outside source is not sufficient to work an estoppel against the respondent. The statement was not made for the purpose of influencing the respondent in extending the credit. This case differs from that of *Schweitzer v. Equitable Sav. & Loan Assn.*, 98 Wash. 139, 167 Pac. 111, in that there the statement of an authorized agent was made directly to the one extending credit and influenced the action.

[3] It is further claimed by the appellant that the respondent should in equity be denied relief because, as directing head of the corporation, he permitted two stockholders to surrender their stock and delivered to them their notes. The respondent testified that he did this because both of the stockholders wanted to leave the corporation and that, if judgments had been obtained upon the notes, neither of them would have been collectible. He thought it was better for the corporation to receive back the stock and deliver up the notes. In the case of *Barto v. Nix*, 15 Wash. 563, 46 Pac. 1033, it was held that a corporation had authority to receive from a stockholder his certificate of stock in payment of his indebtedness to it when such transaction was *bona fide* and for the purpose of protecting the corporation from loss. In the case now before us, the appellant, in accepting the surrender of the stock and de-

livering the notes to the respective makers, was acting within the scope of the holding in that case.

[4] If, however, it should be assumed that the respondent had no right to accept the surrender of the stock and deliver the notes it would not change the result. In that event, the stockholders would still be liable on their notes and the creditors would not be harmed. In *Murphy v. Panton,* 96 Wash. 637, 165 Pac. 1074, it was held that it was no defense to a receiver's action for an unpaid stock subscription that the stock was cancelled in consideration of money advanced and the endorsement of a note for the corporation.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.